**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EARL PORTIS,<br><br>                              Petitioner,<br>     vs.<br><br>J, MARSHALL,<br><br>                              Respondent. | CASE NO. 06cv0314 DMS (POR)<br><br>**ORDER (1) ADOPTING IN PART AND DENYING IN PART REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Earl Portis, a prisoner in state custody proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving an eight-year prison sentence for selling cocaine base in violation of California Health and Safety Code Section 11352(a). The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that this Court deny the Petition. Petitioner did not file any objections to the R&R. However, Respondent filed an objection to that portion of the R&R that found Petitioner's second and third claims were not procedurally defaulted. The Court considers this objection below. 28 U.S.C. § 636(b)(1)(B).

**I.**

**DISCUSSION**

"The procedural default doctrine 'bar[s] federal habeas when a state court declines to address a prisoner's federal claims because the prisoner has failed to meet a state procedural requirement.'" *Calderon v. United States Dist. Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Coleman*

*v. Thompson*, 501 U.S. 722, 729 (1991)). The doctrine "'is a specific application of the general adequate and independent state grounds doctrine.'" *Bean*, 96 F.3d at 1129 (quoting *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994)). Under the adequate and independent state grounds doctrine, federal courts "'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Id.* (quoting *Coleman*, 501 U.S. at 729). *See also Hill v. Roe*, 321 F.3d 787, 789 (9th Cir. 2003); *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001); *Park v. California*, 202 F.3d 1146, 1151 (9th Cir. 2000); *Fields v. Calderon*, 125 F.3d 757, 761 (9th Cir. 1997) (same).

In *Bennett v. Mueller*, 322 F.3d 573 (9th Cir. 2003), the Ninth Circuit set out the burden-shifting analysis applicable to the issue of procedural default. First, the state must adequately plead "the existence of an independent and adequate state procedural ground as an affirmative defense[.]" *Id.* at 586. Once the state meets that pleading requirement, "the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* If the petitioner meets that burden, the "ultimate burden of proving the adequacy of the California state bar [shifts back to] the State of California." *Id.* at 585-86.

Here, the Magistrate Judge found that Respondent had not satisfied his initial burden of pleading an independent and adequate state procedural rule. (*See* R&R at 9.) However, this Court disagrees. In his Answer to the Petition, Respondent stated Petitioner's presentation of his second and third claims to the San Diego Superior Court "was procedurally improper under California's no-second-appeal rule, also known as the Dixon rule. This ruling is independent of federal law and is regularly and consistently applied." (Answer at 2) (citations omitted). These allegations may not prove the existence of a state procedural bar, but Respondent need not prove the state procedural bar at the outset of his case. He need only plead it, and he did so in this case.

Having reached this conclusion, the Court must now turn to the second prong of the procedural default analysis and determine whether Petitioner met his burden of placing the procedural bar at issue. In his Traverse, Petitioner contested the application of the procedural bar to his second and third claims for relief. (*See* Traverse at 4-6.) Petitioner did not set forth specific facts challenging the

1  independence or adequacy of the *Dixon* rule, but he correctly cited *Park* for the proposition that the
2  *Dixon* rule is not independent of federal law.  (*See id.* at 6.)[1]  According to a recent Ninth Circuit
3  decision, this citation is sufficient to shift the burden of proof back to Respondent.  *See King v.*
4  *Lamarque*, 464 F.3d 963, 967 (9th Cir. 2006) (holding that "simply contesting the adequacy of a state
5  rule" is sufficient to meet petitioner's burden under *Bennett* if Ninth Circuit has "previously found the
6  rule to be too ambiguous to bar federal review during the applicable time period[.]")

7  Respondent did not file a response to the Traverse, nor did he file any other pleading in an
8  attempt to meet his burden of proving the *Dixon* rule is an independent and adequate state procedural
9  bar.  The only pleading Respondent filed after the Traverse is the Objections presently before the
10 Court, in which he concedes the Ninth Circuit has yet to find the *Dixon* rule is independent and
11 adequate.  (Objections are 5.)  This is insufficient to meet Respondent's burden of proof, and thus,
12 Petitioner's second and third claims are not procedurally defaulted.

## II.

## CONCLUSION

15 For these reasons, this Court rejects the Magistrate Judge's finding that Respondent failed to
16 satisfy its burden of pleading a procedural bar.  However, the Court agrees with the Magistrate Judge's
17 ultimate decision that Petitioner's second and third claims for relief are not procedurally barred.  In
18 any event, the Magistrate Judge recommended that these claims be denied on the merits, and no party
19 has filed an objection to that recommendation.  Accordingly, the Court **ADOPTS** in part and
20 **REJECTS** in part the R&R, and **DENIES** the Petition for a Writ of Habeas Corpus.  The Clerk shall
21 terminate this civil action.

22 **IT IS SO ORDERED**.

23 DATED: June 4, 2007

24 HON. DANA M. SABRAW
United States District Judge

---

[1] The *Park* court clearly held the *Dixon* rule was not independent of federal law prior to the California Supreme Court's 1998 decision in *In re Robbins*, 18 Cal. 4th 770 (1998), but reserved on "whether *Robbins* established the independence of California's *Dixon* rule for the future."  202 F.3d at 1153.  As Respondent notes in his Objections, the Ninth Circuit has yet to address this issue.